IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JULIE-ANNE ABUBO,<br><br>    Plaintiff,<br><br>v.<br><br>MONTAGE DEER VALLEY LLC,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DENYING REQUEST FOR ATTORNEY FEES<br><br>Case No. 2:25-cv-00650-JNP-JCB<br><br>District Judge Jill N. Parrish |

Plaintiff Julie-Anne Abubo sued her former employer, defendant Montage Deer Valley LLC, asserting claims for employment discrimination and retaliation. Before the court is Montage's motion to compel arbitration and stay this action. ECF No. 10. Montage also asks the court to award its attorney fees in bringing the motion. The motion is GRANTED IN PART and DENIED IN PART. The court grants the motion to compel arbitration and to stay this action. The court denies Montage's request for attorney fees.

## BACKGROUND

Abubo filed her first lawsuit against Montage in December 2023. That case was assigned to Judge Campbell. Montage moved to compel arbitration of Abubo's claims, and in July 2024, Judge Campbell granted the motion and stayed that litigation. She ordered the parties to provide yearly updates to the court on the status of the arbitration. In July 2025, Abubo failed to participate in the status report, and Judge Cambell ordered Abubo to show cause why the case should not be dismissed for failure to prosecute. Abubo did not respond to the order to show cause, and on July 28, 2025,  Judge Campbell dismissed the action without prejudice.

On August 5, 2025, Abubo filed the complaint for this action, which contains the same factual allegations and claims asserted in her prior complaint. On November 4, 2025, Abubo served the complaint on Montage. Montage subsequently filed the instant motion to compel arbitration and for an award of attorney fees. Abubo filed a brief response indicating that she does not oppose the motion to compel arbitration.

### ANALYSIS

Due to Abubo's concession that she must arbitrate her claims, the court grants the portion of Montage's motion in which it seeks an order compelling arbitration and to stay this action. The only remaining issue is whether Montage is entitled to attorney fees.

Montage first argues that the court should exercise its inherent authority to order Abubo to pay its attorney fees for bringing its motion to compel arbitration. Federal courts have the inherent authority to "assess attorney's fees when a party has ' "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." ' " *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (citation omitted). Thus, "if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,' it may assess attorney's fees against the responsible party, as it may when a party 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'" *Id.* at 46 (citations omitted). This inherent power is rooted in a court's "inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." *Id.* (citation modified). Because of their potency, a court's inherent powers, including the power to assess attorney fees, "must be exercised with restraint and discretion." *Id.* at 44.

Montage has not shown that Abubo "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" by refiling her lawsuit after it was dismissed for failure to prosecute. Because Abubo has acceded to Montage's motion to compel arbitration, there is little indication that she filed this action as part of a bad-faith attempt to relitigate the arbitration issue before a new judge. Indeed, given that Abubo refiled her case about a week after her initial action had been dismissed without prejudice for failing to respond to Judge Campbell's order to show cause, Abubo may have believed that she was merely rectifying her mistake in neglecting that order. Accordingly, Montage has not convinced the court to take the extraordinary action of awarding attorney fees based on its inherent authority to do so.

Next, Montage asks the court to order Abubo's attorney to pay its attorney fees pursuant to 28 U.S.C. § 1927. This statute provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "Sanctions under § 1927 are appropriate when an attorney acts 'recklessly or with indifference to the law.'" *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278 (10th Cir. 2005) (citation omitted). "The power to assess costs against an attorney under § 1927 . . . must be strictly construed and utilized only in instances evidencing a 'serious and standard disregard for the orderly process of justice.'" *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985) (citation omitted). The Tenth Circuit has characterized this standard for awarding fees under § 1927 as "extreme." *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015) (citation omitted). For the same reasons articulated above, the court finds that Abubo's attorney has not demonstrated a serious disregard for the orderly process of justice and declines to award attorney fees under § 1927.

## CONCLUSION

For the above-stated reasons, the court orders as follows:

(1) The court GRANTS Montage's motion to the extent that it seeks to compel arbitration and to stay this action. Because Montage has requested a stay rather than dismissal of this action, the court ORDERS Montage to file a status report within 30 days after the conclusion of any arbitration proceedings and every year from the date of this order.

(2) The court DENIES Montage's motion to the extent that it seeks an award of attorney fees.

DATED May 7, 2026.

BY THE COURT

Jill N. Parrish
United States District Court Judge